UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV907SNL |
| ) | |
| DENNIS SMITH, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

*Pro se* prisoner plaintiff has filed this §1983 action alleging that defendant Smith denied plaintiff medical treatment while plaintiff was incarcerated (as a pretrial detainee) in the St. Francois County Detention Center.[1] This matter is before the Court on defendant Smith's motion for summary judgment (#24), filed March 25, 2005. Responsive pleadings have been filed by both the plaintiff and the defendant.

Defendant seeks dismissal of this cause of action in that said action is barred under the doctrine of *res judicata*. Defendant contends that plaintiff (prior to filing this federal action) filed the same claims against defendant Smith in the St. Francois County Circuit Court, Small Claims Division; the state action was fully adjudicated, and all claims were dismissed against defendant Smith. Defendant's Exhibits 1, 2, and 3. Defendant contends that because plaintiff failed to appeal the decision of the Small Claims Court as set forth in §482.365.2 R.S.Mo., the decision of the Small Claims Court stands as a "final adjudication" on these claims. Plaintiff does not deny

---

[1] On August 4, 2004 the Court dismissed plaintiff's claims against defendants St. Francois County, Wayne Williams, and Dan Bullock. The Court also dismissed plaintiff's claim regarding the improper opening of legal mail against all defendants. *See*, Court Order #5.

the existence of his prior lawsuit nor that the claims set forth in this lawsuit (as against defendant Smith) are the same as in his prior state lawsuit; however, he believes that because he is incarcerated with limited legal knowledge and access to legal reference materials, he is not on a "level playing field" as defendant. He believes that the "inequities" of knowledge should compel the Court to deny summary judgment.

The facts relevant to the instant motion are not in dispute. Plaintiff was arrested following a "high-speed" pursuit by police.[2] He was incarcerated in the St. Francois County Detention Center following his apprehension and arrest. On or about July 1, 2004 plaintiff filed a complaint against several defendants, including defendant Smith, in the St. Francois County Circuit Court, Small Claims Division. In this state complaint, plaintiff alleged 1) denial of medical treatment; 2) physical threats as a result of being the only African-American in an all-Caucasian cell block; and 3) jail employees opening his legal mail. These claims were lodged against all the named defendants, including defendant Smith. Defendant's Exhibit 1.

Meanwhile, on July 19, 2004 plaintiff filed the instant §1983 complaint in federal court against several defendants (some the same as named in the state complaint), including defendant Smith. In this federal complaint, plaintiff once again alleges 1) denial of medial treatment; 2) physical threats as a result of being the only African-American in an all-Caucasian cell block; and 3) jail employees opening his legal mail. Plaintiff also noted that he had "begun other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to [his] confinement." Plaintiff's complaint.

On October 13, 2004 a hearing on plaintiff's small claims complaint was held before the Honorable John Brackman. Defendant's Exhibit 2 (Hearing Transcript). After ascertaining the

---

[2]The reason for the pursuit is unknown; and furthermore, immaterial to the matter at hand.

exact nature of the plaintiff's claims and against whom he was making those claims, Judge Brackman dismissed several defendants, leaving only defendants Smith, Dan Bullock, and St. Francois County[3]. Plaintiff was allowed to testify as to his claims, especially as to defendant Smith. Plaintiff's only direct claim against Smith is that he asked for medical treatment concerning his back and was denied same by Smith. Defendant's Exhibit 2, pgs. 9-10; 13-15. Defendant Smith was allowed to testify regarding plaintiff's claims against him, especially as regards plaintiff's claim of denial of medical treatment. Defendant's Exhibit 2, pgs. 16-18. Plaintiff was allowed to question defendant Smith. Plaintiff's exam of defendant Smith was only one (1) question: "I'd just like to ask you: Do you not remember when I asked you about seeing a doctor, do you not remember saying to me (inaudible)?". Defendant's Exhibit 2, pg. 18. Defendant Smith answered: "I do not". Defendant's Exhibit 2, pg. 18.

Following this testimony, Judge Brackman ruled in favor of defendant Smith on all of plaintiff's claims. Defendant's Exhibit 2, pg. 19; Exhibit 3. He further apprised the plaintiff of his right-to-appeal pursuant to §482.365.2 R.S.Mo. Plaintiff did not file an appeal within the statutory appeal period.

After careful consideration of the matter, the Court finds that plaintiff's federal §1983 action is barred under the doctrine of *res judicata*.

"Under the doctrine of res judicata, a judgment on the merits in a prior lawsuit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979); *see also*, Professional Management Associates v. KPMG, LLP., 345 F.3d 1030, 1032 (8th Cir. 2003); Lundquist v. Rice Memorial

---

[3]As stated before, this Court has previously dismissed defendants Bullock and St. Francois County from this lawsuit.

Hosp., 238 F.3d. 975, 977 (8th Cir. 2001); Costner, et. al. v. URS Consultants, 153 F.3d. 667, 673 (8th Cir. 1998); Landscape Properties, Inc. v. Whisenhunt; 127 F.3d. 678, 682 (8th Cir. 1997); United States v. Gurley, 43 F.3d. 1188, 1195 (8th Cir. 1994). The application of the doctrine of *res judicata* has three requirements: 1) the prior judgment was rendered by a court of competent jurisdiction; 2) the prior judgment was a final judgment on the merits; and 3) the same cause of action and the same parties or their privies were involved in both cases. Lundquist,, at 977; DeLlano v. Berglund, et. al., 183 F.3d. 780, 781(8th Cir. 1999); Costner, at 673; Murphy v. Jones, 877 F.2d. 682, 684 (8th Cir. 1989), citing Headley v. Bacon, 828 F.2d. 1272, 1274 (8th Cir. 1987). Even if a plaintiff raises a new legal theory of recovery in the second action, *res judicata* bars all claims that were or could have been raised in an earlier action. "Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." Lundquist, at 977 *citing* Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99 (1981); *see also*, Ruple v. City of Vermillion, South Dakota, 714 F.2d. 860, 862 (8th Cir. 1983)("Absent special circumstances, all of the theories that a dismissed employee can bring to play to challenge the dismissal should be raised and decided in the same lawsuit."); Biermann v. United States of America, 67 F.Supp.2d. 1057, 1060 (E.D.Mo. 1999). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same `claim' or `cause of action' for purposes of *res judicata*." Ruple, at 861; *see also*, Landscape Properties, at 683 *citing* Ruple. The bottom line is whether the wrong for which redress is sought is the same in both actions. Costner, at 674 *citing* Gurley, at 1196. However, *res judicata* does not apply to claims that did not exist when the earlier lawsuit was filed. Lundquist, at 977. "[I]t is well settled that claim

preclusion does not apply to claims that did not arise until *after* the first suit was filed." Baker Group, L.C. v. Burlington Northern & Santa Fe Ry. Co., 228 F.3d. 883, 886 (8th Cir. 2000).

In diversity jurisdiction cases, the federal courts must determine the application of *res judicata* under the forum state's law of claim preclusion. Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497 (2001). Under Missouri law, the doctrine of *res judicata* bars not only the reassertion of a cause of action that has been previously adjudicated between the same litigants, but also precludes parties from contesting matters that the parties have had a full and fair opportunity to litigate. Chesterfield Village, Inc. v. City of Chesterfield, Missouri, 64 S.W.3d. 315, 318-320 (Mo. 2002); Deatherage, et. al. v. Cleghorn, et. al., 115 S.W.3d. 447 (Mo.App. 2003); Patrick V. Koepke Construction, Inc. v. Woodsage Construction Co., 119 S.W.3d. 551 (Mo.App. 2003); Lomax v. Sewell, 50 S.W.3d. 804 (Mo.App. 2001). The doctrine of *res judicata* bars a claim if the following elements are satisfied:  1) identity of the thing sued; 2) identity of the cause of action; 3) identity of the persons or parties to the action; and 4) identity of the quality or status of the person for or against whom the claim is made. Deatherage, at 454; Patrick V. Koepke Construction, at 555; Lomax, at 809.  To invoke *res judicata*, a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the second cause of action. Lomax, at 809. Finally, claim preclusion prevents reassertion of the same claim, even though additional evidence or different evidence or legal theories might be advanced to support the claim. Chesterfield Village, at 319-20. When making a determination of the application of *res judicata*, Missouri courts look to the factual bases for the claims, not the legal theories. Chesterfield Village, at 319-20.

Moreover, claim preclusion (as well as issue preclusion) is applicable to §1983 actions brought by *pro se* prisoner plaintiffs. *See*, Robbins v. Clark, 946 F.2d. 1331 (8th Cir. 1991).

Finally, under Missouri law, where a plaintiff loses in small claims court and fails to file an application for *trial de novo* as prescribed by §482.365.2 R.S.Mo., such small claims court judgment has "*res judicata* effect" if the plaintiff brings a new lawsuit against the same defendant(s) on the same claim(s). Doherty v. McMillen, 805 S.W.2d. 361, 362 (Mo.App. 1991).

It is clear to this Court that the federal complaint lodged by plaintiff presents the same "cause of action" filed and resolved in the St. Francois County Circuit Court, Small Claims Division. The same nucleus of operative facts exist and the claim in the federal court complaint against defendant Smith mirrors the claim plaintiff presented against defendant Smith in small claims court. Plaintiff makes the same allegations: defendant Smith denied him medical treatment (as well as vague allegations regarding physical threats due to plaintiff's placement in an all-white cell block). Since the plaintiff's claims in both actions arise out of the same nucleus of operative fact and/or based upon the same factual predicate, the doctrine of *res judicata* applies. Murphy v. Jones, 877 F.2d. 682, 684-85 (8th Cir. 1989); Ruple v. City of Vermillion, S.D., 714 F.2d. 860, 861 (8th Cir. 1983).

As for the plaintiff's assertion of not being able to "play on a level field"; it was his choice to file his lawsuits. The facts and the applicable law remain the same regardless of his incarceration or lack of legal expertise. Plaintiff brought the same claims against defendant Smith in state court, he was given a full and fair opportunity to litigate same, and a judgment was rendered in favor of defendant Smith. Plaintiff was apprised of his appellate rights and failed to take advantage of such rights; thereby, rendering Judge Brackman's adjudication a final judgment for *res judicata* purposes.

Dated this ___13th___ day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE